# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 24-3521 (UNA) |
| DERREK T. THOMAS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action brought *pro se*, Plaintiff, a resident of Buffalo, New York, sues a City Court Judge in Syracuse, New York, in his official capacity, Compl., ECF No. 1 at 2, and seeks leave to proceed *in forma pauperis* (IFP). The Court grants the IFP motion and dismisses the case for want of jurisdiction.

Plaintiff alleges that on September 25, 2024, Judge Derrek T. Thomas discriminated against him and "denied . . . his due process rights and rights to file documents for dismissals due to [Plaintiff's] race, age, sex, religion, retaliation, creed, education, work history and disabilities." *Id*. at 4. Plaintiff seeks "$200,000,000.00 for discriminations" and "$600,000,000.00 for breach of contracts." *Id*. at 5.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). This official-capacity lawsuit "is, in all respects other than name, to be treated as a suit against the [governmental] entity, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), which in this case is the New York State Unified Court System. *See* https://www.nycourts.gov. The Eleventh Amendment

immunizes states from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the states' sovereign immunity.[1] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000).  A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff brings this action under 42 U.S.C. § 1983, Compl. at 3, but that statute "does not provide a federal forum for litigants who seek a remedy against a State [or state officials sued in their official capacities] for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66  (1989).  Plaintiff would fare no better with a personal-capacity claim because judges enjoy absolute immunity from lawsuits predicated, as here, on decisions rendered as part of their official duties, *Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993), and an action against a judge who has "done nothing more than [his] duty" is "meritless," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995).  Consequently, this case will be dismissed by separate order.

Date:  March 20, 2025

/s/
CHRISTOPHER R. COOPER
United States District Judge

---

[1]  The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).